IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN BROWN, Inmate #R04981, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-420-JLF |
| ) | |
| DENTIST CHAPMEN, DR. AHMED, and ) | |
| DR. TARIQ, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against defendants Chapmen, Ahmed, and Tariq for deliberate indifference to the Plaintiff's serious dental needs.

**COUNT 2:** Against defendant Ahmed for deliberate indifference to the Plaintiff's serious medical needs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

### GENERAL CONSIDERATIONS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as

> "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough

proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain".  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

## **COUNT 1**

Plaintiff states that in early 2004 he saw the dentist at Menard (presumably defendant Chapmen) for a bad tooth.  The dentist told him that the tooth needed to be pulled but that he did not have the time to do so.  Instead, the dentist placed a temporary filling in the tooth and told Plaintiff that he would be called again in about a week, at which time the tooth would be pulled.  Plaintiff was not called for further dental treatment for three months, despite his frequent written requests.  The tooth was extracted at the appointment three months later.  In the interim, however, Plaintiff states that he experienced intense pain and developed Bell's Palsy as a result of the infected nerve.  Plaintiff states that he experienced muscle twitching, a drooping eyelid, earaches, and difficulty eating, talking, and smiling.  Plaintiff states that he was treated in the hospital for ten days for the

condition.[1] Defendants Ahmed and Tariq told him that the Bell's palsy was unrelated to the bad tooth. Plaintiff asserts that the Bell's palsy was the direct result of infection of the nerve. Plaintiff continues to experience tremors, numbness in his lips, facial pain, and he has difficulty closing his eye. Based on these allegations and the legal standards outlined above, this count may not be dismissed from the action at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff also states that Defendant Ahmed refused to treat an infected toenail that is discolored and painful because treatment is too expensive. Although Plaintiff's allegations regarding this count are sparse, Plaintiff has nonetheless stated a claim of deliberate indifference to a serious medical need. Accordingly, this count may not be dismissed from the action at this point in the litigation. *See* 28 U.S.C. § 1915A.

## PRELIMINARY INJUNCTION

Also pending before the Court is a motion for a preliminary injunction (Doc. 3), in which Plaintiff seeks to restrain defendants from further deliberate indifference to his serious medical needs.

> In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.

---

[1] Plaintiff does not state when he was hospitalized in relation to the three-month wait to see the dentist.

*Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Based on Plaintiff's allegations, and without expressing any further opinion on the merits of Plaintiff's claims for relief, the Court finds that it cannot issue a preliminary injunction in this action. Plaintiff has an adequate remedy at law. The existence of this lawsuit belies any such assertion to the contrary. As such, the request for a preliminary injunction (Doc. 3) is **DENIED**.

## CONCLUSION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Chapmen, Ahmed, and Tariq***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Chapmen, Ahmed, and Tariq*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to this order shall not be maintained

in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**
**DATED:  December 15, 2005.**

                                         **s/ James L. Foreman**
                                           **DISTRICT JUDGE**