IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN BROWN, R04981, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:05-cv-420-JLF |
| NATHAN CHAPMAN, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion to Reconsider filed by the plaintiff, Melvin Brown, on May 22, 2006 (Doc. 25). For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

On June 13, 2006, the plaintiff, Melvin Brown, filed a complaint in which he alleged that the defendants, Drs. Chapman, Ahmed, and Tariq,[1] violated the Eighth Amendment's prohibition against deliberate indifference to a serious medical need when they failed to adequately respond to his dental and medical needs. On April 13, 2006, the plaintiff filed a "Motion for Medical Records" in which he sought an Order, directed to the Hill Correctional Medical Center, to release his medical records to him. On April 18, 2006, this Court, upon motion of the defendant Chapman, entered a protective order pursuant to the Health Insurance Portability and Accountability Act, which provides for the disclosure, to the parties, of the plaintiff's medical records and the protection of those records against disclosure to third-parties and the public. On the same day, this Court denied the plaintiff's motion for the release of his medical records. This

---

[1] As of the date of this Order, only defendant Chapman has entered an appearance.

Court informed the plaintiff that he must seek the records, if the jail does not provide them, through a Federal Rule of Civil Procedure 45 subpoena.[2]

The plaintiff now has filed the pending motion to reconsider and for "contempt order." He states that he "objected" to the release of his medical records to the defendant. He also states that he has attempted to have various prison guards at the correctional center serve the subpoena for him. However, these officers, including Officers "Rutledge," "Backass," and "Hallman," refused to serve the subpoena. Nonethelss, it appears that Officer Backass sent the plaintiff to see the "assistant to Ms. Mathis" in the healthcare unit. This assistant indicated that the plaintiff's medical records were sent to the defendant's attorney but refused to assist the plaintiff in any manner. This assistant subsequently refused to accept the subpoena that the plaintiff had prepared for his medical records and affirmatively told the plaintiff that he would not be allowed to see a doctor unless he took his subpoena back to his cell. The plaintiff's counselor, Ms. Johnson, also stated that she would not deliver the subpoena and that the health center would not accept the subpoena.

In sum, the plaintiff first objects to the delivery of his medical records to the defendant. Second, the plaintiff seeks direction as to how to get a copy of his own medical records.

---

[2] After the Order was entered, defendant Chapman filed a response to the motion. In this response, which was not considered by the Court, the defendant did not object to the substance of the plaintiff's motion but rather to the characterization that the plaintiff's claims are for negligent medical treatment. The defendant then sought to strike the portions of the motion that make the reference to negligent treatment. This Court will not consider a motion made in a response brief. In any event, the plaintiff's reference to medical negligence is irrelevant – this Court already has construed his claims as being based on the Eighth Amendment and not state law.

**DISCUSSION**

The plaintiff's first objection to the disclosure of his medical records to the defendant is without merit. This case involves the plaintiff's medical condition that was placed in controversy by the filing of the complaint. The plaintiff's medical records are relevant to his claim and any defenses the defendants may have. Therefore, the defendants are entitled to a copy of his medical records. The plaintiff has offered no reason why the records should not be disclosed to the defendants.

As to the second issue, the production of his own medical records for copying, the Court unclear why, if the plaintiff's assertions are true, the prison where he is housed has refused to produce the records in question when it already has produced the record for the defendant. It is also unclear why the medical facility has refused to accept a subpoena that the plaintiff has attempted to serve. This is a case involving the plaintiff's medical issues. His records are integral to his claims and the medical center is the only entity that can provide the records to the plaintiff – without them, this litigation is stalled.

Therefore, this Court respectfully suggests that the Medical Center at the Hill Correctional Center produce to the plaintiff, for copying, the plaintiff's medical records from January, 2004 to December, 2004 by **August 14, 2006.** The plaintiff is again reminded that he must make arrangements to pay for the copies himself. If the correctional center objects to providing the plaintiff's medical records, they may inform the Court of the basis of their objection. The Court hopes that this matter can be resolved by the simple production of these medical records for copying.

If the plaintiff is still unable to copy his medical records by August 14, 2006, he may

inform the Court and an Order may be entered compelling the prison or the defendant to provide a copy of the plaintiff's medical records (provided the plaintiff pay for the copies).

The Clerk of Court is directed to mail a copy of this Order to the Hill Correctional Center Medical Unit and the Warden at the address: 600 South Linwood Road, P. O. Box 1327, Galesburg, IL 61402.

## Conclusion

For the foregoing reasons, the Motion to Reconsider filed by the plaintiff, Melvin Brown, on May 22, 2006 is **DENIED** with respect to the motion for a contempt Order and **GRANTED IN PART** with respect to the motion to reconsider (Doc. 25).

**DATED: July 19, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
